June 30, 2026

**Supreme Court**

No. 2023-299-Appeal.
(P 20-910)

Ana Varela                :

v.                :

Daniel M. Monteiro.       :

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Ana Varela            :

v.                 :

Daniel M. Monteiro.       :

Present: Suttell, C.J., Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** A seemingly routine, straightforward, nominal divorce on the grounds that the parties had lived separate and apart for a period of at least three years became contentious when the plaintiff, Ana Varela, cashed a winning $4 million lottery ticket on November 4, 2020.[1] The defendant, Daniel M. Monteiro, appeals from the Family Court's denial of his motion to vacate the final judgment of divorce. The defendant moved to vacate the judgment based on his belief that the plaintiff had bought the winning lottery ticket prior to entry of the final judgment on October 8, 2020. This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has

---

[1] The plaintiff elected to receive a lump sum payment of $2.6 million, which was reduced to $1,846,000 after taxes were deducted.

not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the order of the Family Court.

## I

## Facts and Travel

The following facts are not in dispute. The plaintiff and defendant were married on November 23, 2007. At some time in 2012, defendant left the marital home and moved to Massachusetts. On February 21, 2020, plaintiff initiated the instant action for divorce on the ground that the parties had been living separate and apart for a period of at least three years. The defendant filed neither an answer nor a counterclaim,[2] and the action proceeded on the nominal divorce calendar.

The parties both appeared before the trial justice on June 8, 2020, remotely via WebEx; neither party was represented by counsel. The matter was heard as a nominal divorce on that day, after which the trial justice rendered his decision. Subsequently, plaintiff prepared both a proposed decision pending entry of final judgment (DPEFJ) and a proposed final judgment. The DPEFJ bore a date of August 29, 2020; the final judgment was undated. Both documents were received by the Family Court in September 2020, and both documents were entered on the same day—October 8, 2020. The proposed DPEFJ stated as fact that the parties "have

---

[2] The defendant was directed to file an entry of appearance with the Family Court via e-mail, but he did not do so.

- 2 -

lived separate and apart from each other for the space of at least three (3) years" and that plaintiff's complaint was granted. It further stated that the parties had divided all of their personal property to their mutual satisfaction and that they had no real estate nor joint debts. They were awarded joint custody of their two children, physical placement of whom would be with plaintiff; defendant would maintain reasonable visitation rights—in conformity with their practice over the previous eight years—and child support was established in the amount of $208 per week. The DPEFJ and final judgment also indicated that the parties were both self-sufficient; thus they were allowed to waive any claims for alimony.

At the outset, we note several anomalies in the post-decision procedural travel of this case, no doubt due in large measure to the unfamiliarity of the *pro se* parties with our court rules. For instance, the trial justice[3] issued a bench decision on June 8, 2020, yet plaintiff did not file the DPEFJ until September 2020, in clear violation of Rule 1.8(a) of the Family Court Rules of Practice:

> "Under the provisions of G.L. 1956 § 15-5-3, the prevailing party upon decision being granted in his or her favor, shall file the form entitled Decision Pending Entry of Final Judgment with the clerk within thirty (30) days of the date of decision unless the court extends the time for the filing of the form."

---

[3] The defendant's motion to vacate the final judgment was heard by the Family Court general magistrate. An order was entered on February 2, 2023, from which plaintiff appealed pursuant to Rule 73 of the Family Court Rules of Domestic Relations Procedure. The matter was then referred to the hearing justice by the chief judge of the Family Court.

In this case, the general magistrate noted that plaintiff filed neither a motion nor a consent order to enter the DPEFJ out of time.

A second irregularity occurred in September 2020 when plaintiff filed the DPEFJ and final judgment. Both documents contain a certificate of service in which the person signing the certificate certifies that the individuals named in the certificate have indeed been served. In the case under review, both certificates were signed by "Ana Varela[,]" but both certify that she "hand-delivered this document to the attorney(s) for and/or the opposing party(ies) if self-represented, whose name(s) is/are Ana Varela * * *."[4] Thus there was no certification that defendant had been served with either document.[5]

Most significantly, however, plaintiff filed the DPEFJ and the final judgment on the same day in September 2020, and both documents were entered on the same date, October 8, 2020. General Law 1956 § 15-5-3(b) provides in relevant part: "Final judgment shall not be entered until the expiration of twenty (20) days after entry of the decision pending entry of final judgment * * *." What is more, the final judgment, presented by plaintiff, contains the following language:

---

[4] The plaintiff's name is spelled as "Ana Verela" on the certificate of service section of the final judgment.

[5] Although defendant never filed an entry of appearance nor a pleading, he did appear at the nominal divorce hearing, was not defaulted, thus, was entitled to notice. However, he has not argued before the general magistrate, hearing justice, or this Court that he did not receive notice of either document.

> "Twenty (20) days having elapsed from the entry of the Decision Pending Entry of Final Judgment (G.L. 1956 § 15-5-3) upon having lived separate and apart from each other for the space of at least three (3) years, and no appeal having been taken, or extension or any appeal been granted, it is ordered, adjudged, and decreed as follows."

It is the events that occurred after the final judgment had entered that turned an ostensibly amicable divorce into a robustly contested action, necessitating the hiring of counsel and a return to the Family Court. There is a dispute as to the exact date but between October 29 and October 31, 2020, both dates being more than twenty days after final judgment had entered, plaintiff purchased a scratch lottery ticket and won $4 million. She elected to receive a lump-sum payout of $2.6 million, which was reduced to $1,846,000 after taxes were paid (the lottery winnings).

On September 16, 2021, defendant filed a motion to vacate the final judgment of divorce pursuant to Rule 60(b) of the Family Court Rules of Domestic Relations Procedure, arguing that "the lottery ticket was purchased prior to the Entry of Final Judgment on October 8, 2020 and is, therefore, a marital asset subject to equitable distribution." The defendant argued that the final judgment of divorce was induced by fraud because (1) the lottery ticket was purchased prior to the entry of final judgment without being disclosed to him and (2) plaintiff certified that the final judgment was being entered twenty days after the DPEFJ, which could not have occurred because, according to defendant, no valid decision pending entry of final judgment was ever entered.

The plaintiff objected to the motion, contending that it was pure conjecture to claim that the lottery ticket was purchased before final judgment entered and that the DPEFJ had in fact been entered. In response, defendant seemingly walked back his claims of fraud, arguing that the final judgment was void because it entered the same day as the DPEFJ. As noted above, § 15-5-3 requires that "[f]inal judgment shall not be entered until the expiration of twenty (20) days after entry of the decision pending entry of final judgment" for divorces grounded on living separate and apart for at least three years. *See* § 15-5-3(a)-(b).

On January 3, 2023, the general magistrate of the Family Court issued a written decision on the motion to vacate. The general magistrate determined that the final judgment was entered prematurely as a result of a "ministerial error during the height of the Covid-19 pandemic[,]" but he held that the final judgment was not void. Nevertheless, the general magistrate stated that it was incumbent on plaintiff to have filed the DPEFJ within the thirty-day period following the date of the decision, and that the failure to do so "substantially prejudiced" defendant. Therefore, although the final judgment was not rendered void, defendant was granted relief from the final judgment and the matter was continued for further hearing on the issue of what, if any, of the lottery winnings should be awarded to defendant.

The plaintiff filed a notice of appeal from the general magistrate's decision on January 9, 2023. In her papers, she first argued that the general magistrate awarded

defendant relief based on an equitable theory, and not based on any of the enumerated reasons in Rule 60(b), in excess of his authority. Additionally, she submitted that, although the DPEFJ and final judgment were erroneously entered on the same day, an erroneous judgment may only be challenged by a direct attack and not collaterally through a Rule 60(b) motion. Finally, she contended that defendant failed to present any reason to vacate the judgment based upon any of the grounds provided by Rule 60(b). The defendant responded that the general magistrate's decision was correct because plaintiff failed to follow the procedural requirements of § 15-5-3(b).

A justice of the Family Court (the hearing justice) rendered a bench decision on the motion on June 1, 2023. The hearing justice determined that whether the final judgment was void was a question of law to be reviewed *de novo*, that it was defendant's burden to show that the final judgment should be vacated, and that such "a judgment may only be rendered void and vacated" when: (1) the court lacked jurisdiction; or (2) the court "usurped its power, went beyond what it was allowed to do and violated due process." The hearing justice held that the Family Court had jurisdiction over the divorce proceedings, both parties, and the entry of both the DPEFJ and the final judgment; thus, it did not act without jurisdiction when it entered both on the same day.

Because he determined that the Family Court acted within its jurisdiction, the hearing justice continued to decide whether the erroneous entry of both the DPEFJ and final judgment on the same day had violated defendant's due process rights. He found that, at the time of the divorce hearing, the record indicated that the parties "didn't want anything from one another." The hearing justice noted that there was no new evidence that existed at the time of the hearing that could have changed that. He also observed that the lottery ticket was purchased after the "entry of Final Judgment." That fact was enough for him to distinguish the instant matter from other caselaw holding that lottery winnings acquired after a decision pending entry of final judgment entered, but prior to final judgment entering, may be considered a part of the marital estate subject to equitable distribution. *See Giha v. Giha*, 609 A.2d 945, 949 (R.I. 1992).

The hearing justice ultimately concluded that the simultaneous entry of both the DPEFJ and the final judgment "resulted in an erroneous order[,]" that defendant's due process rights were not violated, that plaintiff attempted to comply with the rules "as best she could," and that plaintiff would be penalized if the final judgment were vacated because "it would take a nonmarital asset and make it a marital asset." Thus, he denied defendant's motion and declared that the lottery proceeds were not marital property. The defendant filed a notice of appeal on August 2, 2023, and the order denying defendant's motion entered the next day.

- 8 -

## II

## Standard of Review

"An appeal from an order granting or denying a motion to vacate under the Rules of Procedure for Domestic Relations presents only the issue of the correctness of that order." *DeJesus v. Saldana*, 319 A.3d 116, 120 (R.I. 2024) (emphasis omitted) (quoting *DeLuca v. DeLuca*, 839 A.2d 1237, 1240 (R.I. 2004)). "In these instances, 'such an appeal does not raise questions concerning the propriety of the decision or judgment itself.'" *Id.* (brackets omitted) (quoting *DeLuca*, 839 A.2d at 1240). "However, 'because both Rule 60(b) of the Rules of Procedure for Domestic Relations and Rule 60(b) of the Superior Court Rules of Civil Procedure are nearly identical in wording and identical in purpose, Superior Court precedent may be consulted to interpret both rules.'" *Id.* (quoting *DeLuca*, 839 A.2d at 1240-41).

"Accordingly, this Court has observed that 'a motion to vacate a judgment rests within the sound discretion of the trial court and a trial court's ruling on such a motion will be reversed only upon a demonstrated and clear abuse of discretion.'" *DeJesus*, 319 A.3d at 120 (brackets omitted) (quoting *DeLuca*, 839 A.2d at 1241). "However, when a party moves to vacate a judgment under Rule 60(b)(4), that deferential standard of review gives way to *de novo* review." *McLaughlin v. Zoning Board of Review of Town of Tiverton*, 186 A.3d 597, 606 (R.I. 2018). "This is so 'because a judgment is either valid or it is not and discretion plays no part in

resolving the issue.'" *Id.* (brackets omitted) (quoting *In re Quigley*, 21 A.3d 393, 398 (R.I. 2011)).

## III

## Analysis

The defendant's sole basis for challenging the decision of the Family Court is that the entry of final judgment is void and must be vacated. The plaintiff suggests that the final judgment is not void because the Family Court had jurisdiction to enter it, even if it did so untimely. She further submits that the untimely entry of the final judgment did not affect defendant's due process rights and that the errors defendant complains of are inappropriate for a Rule 60(b) motion; rather, the decision should have been attacked directly.

> "One of the basic tenets of our system of jurisprudence is that of finality of judgments. The principle of finality is essential to ensure consistency and certainty in the law. This salutary principle is founded upon the generally recognized public policy that there must be some end to litigation. * * * It is well settled that courts will not disturb final judgments unless the moving party demonstrates the existence of extraordinary circumstances." *United States v. Boch Oldsmobile, Inc.*, 909 F.2d 657, 660 (1st Cir. 1990).

"In the interests of finality, the concept of void judgments is narrowly construed." *Hoult v. Hoult*, 57 F.3d 1, 6 (1st Cir. 1995) (quoting *Boch Oldsmobile, Inc.*, 909 F.2d at 661). Moreover, "a void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. * * * The list

- 10 -

of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "[A] judgment is not void merely because it is erroneous." *Labossiere v. Berstein*, 810 A.2d 210, 215 (R.I. 2002) (quoting *Allstate Insurance Co. v. Lombardi*, 773 A.2d 864, 869 (R.I. 2001)). "A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack." *Allstate Insurance Co.*, 773 A.2d at 869 (quoting *Lubben v. Selective Service System Local Board No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)).

Rule 60(b)(4) provides that a "court may relieve a party * * * from a final judgment, order or proceeding" when "[t]he judgment is void."

> "A party may not avail itself of the grounds set forth in Rule 60(b)(4) to vacate a judgment on the basis of mere errors of law committed by a trial justice, unless the court entering the judgment 'lacked jurisdiction *or* in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process.'" *Allstate Insurance Co.*, 773 A.2d at 869 (quoting *Hoult*, 57 F.3d at 6).

It is clear to us that the Family Court had subject-matter jurisdiction over the parties' divorce action. "As it exists today, the Family Court is a court of limited statutory jurisdiction * * *." *State v. Day*, 911 A.2d 1042, 1049 (R.I. 2006). The General Assembly "established a family court * * * to hear and determine all petitions for divorce from the bond of marriage and from bed and board * * *." General Laws 1956 § 8-10-3(a). Although defendant concedes that the Family Court

- 11 -

properly exercised personal jurisdiction over the parties, he argues that, because § 15-5-3(b) provides that "[f]inal judgment shall not be entered until the expiration of twenty (20) days after entry of the decision pending entry of final judgment[,]" the Family Court acted without jurisdiction when it entered the DPEFJ and the final judgment on the same day. Therefore, he contends the final judgment is void.

We disagree. Recently, in *Cronan v. Cronan*, 307 A.3d 183 (R.I. 2024), this Court explained the difference between a court acting without jurisdiction as compared to a court acting without authority. *See Cronan*, 307 A.3d at 191-92. In that case, there was a challenge to a general magistrate's authority to preside over a contested divorce because the magistrate lacked the statutory authority to do so. *See id.* We determined that, even if the general magistrate did lack such authority, it did not divest the Family Court of subject-matter jurisdiction. *See id.*; *see also Clark v. Poulton*, 963 F.2d 1361, 1367 (10th Cir. 1992) (holding that when a magistrate judge exceeds his or her authority, such an error is "a procedural lapse, not a jurisdictional failing"). This is because "subject-matter jurisdiction is the very essence of the court's power to hear and decide a case." *Cronan*, 307 A.3d at 191 (brackets and emphasis omitted) (quoting *Long v. Dell, Inc.*, 984 A.2d 1074, 1079 (R.I. 2009)). Thus, when a court errs in carrying out its duties, such an error only implicates the jurisdiction of the court when it is *ultra vires* to the enumerated jurisdictional scope

- 12 -

assigned to it from the legislature that allows it to hear and decide an action. *See, e.g.*, *id.*

As noted above, the General Assembly has provided the Family Court with subject-matter jurisdiction over divorce actions; to fulfill that duty, the Family Court is required to enter both decisions pending entry of final judgment and final judgments. *See* § 8-10-3(a); *see also* § 15-5-3(b). Although it was error to enter plaintiff's DPEFJ and final judgment on the same day—contrary to the language of § 15-5-3(b)—that error is merely a procedural defect which does not exceed the scope of the Family Court's subject-matter jurisdiction. *See Cronan*, 307 A.3d at 191-92. Therefore, we conclude that the final judgment is not void for want of jurisdiction.

A judgment, however, may also be void when "the court's action amounts to a plain usurpation of power constituting a violation of due process." *Allstate Insurance Co.*, 773 A.2d at 869 (quoting *Hoult*, 57 F.3d at 6). To that end, defendant suggests that his due process rights were violated. The entirety of his argument consists of a single paragraph: "[T]his error also violated the [defendant's] due process. That is, it eliminated his right to appeal the decision pending entry of final judgment. That is the [defendant] would have no right to appeal." That brief statement fails to describe how defendant lost the right to appeal in any meaningful way, and this Court will deem "an issue waived when a party simply states an issue

- 13 -

for appellate review, without a meaningful discussion thereof." *Boulais v. DiPaolo*, 305 A.3d 1270, 1271 (R.I. 2024) (mem.) (quoting *Palange v. Palange*, 243 A.3d 783, 785 (R.I. 2021) (mem.)).

We further note that defendant raised this particular argument for the first time in his supplemental statement filed pursuant to Article I, Rule 12A of the Supreme Court Rules of Appellate Procedure. He did not argue that his right to appeal was violated—nor did he provide any other reasons as to how his due process rights were affected—before either the general magistrate who first considered his Rule 60(b) motion, nor on plaintiff's appeal to the hearing justice,[6] nor indeed in his initial Rule 12A statement. "This Court has long adhered to an important jurisprudential principle commonly referred to as the raise or waive rule." *In re Shy C.*, 126 A.3d 433, 434 (R.I. 2015) (internal quotation marks omitted). That rule provides that "an issue that has not been raised and articulated previously * * * is not properly preserved for appellate review." *Id.* at 435 (quoting *State v. Gomez*, 848 A.2d 221, 237 (R.I. 2004)).

---

[6] We note that a justice's review of a general magistrate's judgment, order, or decree is appellate in nature and thus confined to the record on appeal. R. Dom. Rel. P. 73(a).

While this may be an interesting argument, because defendant failed to raise it before either the general magistrate or the hearing justice, and because he failed to fully develop it before this Court on appeal, we deem it waived.[7]

Finally, the record further indicates that the defendant may not have received actual notice of either the DPEFJ or final judgment. Both of those orders contain an attestation of service; the plaintiff indicated that she "hand delivered [those documents] to * * * the opposing party[] * * * whose name[] is[] Ana Varela[.]"[8] We are unable to discern from the record whether this is merely a clerical error and that the plaintiff, a self-represented litigant at the time, mistakenly filled her name where she should have listed the defendant's after properly notifying him or if the defendant did not receive notice. However, the defendant never argued that he failed to receive notice either before the general magistrate, the Family Court, or this Court. As a result, the defendant has also waived any argument he may have had regarding his failure to receive notice of the DPEFJ or final judgment. *See In re Shy C.*, 126 A.3d at 435.

---

[7] In his decision, the hearing justice found that the twenty-day waiting period between the DPEFJ and the final judgment was "preserved because it's the appeal period. And if either of the parties had a gravamen [*sic*] with the Decision, they would have had twenty days to enter or record an appeal."

[8] Additionally, neither the DPEFJ nor the final judgment indicate a date or location where service occurred.

- 15 -

## IV

## Conclusion

For the reasons set forth herein, we affirm the order of the Family Court denying the defendant's motion to vacate the final judgment of divorce. The record shall be returned thereto.

Justice Goldberg did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Ana Varela v. Daniel M. Monteiro. |
| **Case Number** | No. 2023-299-Appeal. (P 20-910) |
| **Date Opinion Filed** | June 30, 2026 |
| **Justices** | Suttell, C.J., Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Family Court |
| **Judicial Officer from Lower Court** | Associate Justice Richard A. Merola |
| **Attorney(s) on Appeal** | For Plaintiff: Joanna M. Achille, Esq. |
| | For Defendant: Robert D. Goldberg, Esq. |